# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

JAMES CLARENCE BROWN,    )
                           )
      Plaintiff,        )
                           )
v.                    )        CV421-118
                           )
                           )
CITY OF SAVANNAH       )
POLICE DEPARTMENT,     )
                           )
      Defendant.     )

## ORDER

*Pro se* plaintiff James Clarence Brown has filed an informal Complaint alleging, among other claims, procedural problems in his ongoing state criminal prosecution. *See generally* doc. 1. Initially, he requested leave to pursue this case *in forma pauperis*, but, after the Court granted Brown's request, he moved to withdraw that request and paid the filing fee. *See* doc. 14. As the Court noted in permitting the withdrawal of his request, his case is still subject to screening pursuant to 28 U.S.C. § 1915A. *Id.* at 2. The Court might proceed to conduct that screening, but Brown's subsequent filings make meaningful review of his claims impossible.

Since the Court entered its Order permitting him to withdraw his request to proceed *in forma pauperis*, Brown has sent 20 "letters" to the Court and two notices of filing.[1]  Some of the letters are informal requests for information about the case, *see, e.g.,* doc. 23 at 1, others appear to elaborate on factual allegations in his original complaint, *see, e.g.,* doc. 27, still others suggest an attempt to assert new claims, *see, e.g.,* doc. 32. The Court is not empowered to sift through Brown's voluminous correspondence in an attempt to discern the full range of claims he asserts.  *See, e.g., Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  He must, therefore, file a single Amended Complaint asserting all claims he wishes to pursue in this case.  The Court can, however, identify several critical defects in the claims Brown has already attempted to assert.

---

[1]  Brown is advised that "letters" to the Clerk of Court, or any other Court staff, are not appropriate means to communicate about his case.  Although the number of letters on the docket suggests that Brown's correspondence is being recorded, formal filings ensure that a complete record is created and preserved.  *See In re: Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000).  Motions also get placed on the Court's "pending motions" list, while letters do not (hence, they might be inadvertently ignored).  The Federal Rules of Civil Procedure also require that requests that the Court take action be made "by motion."  Fed. R. Civ. P. 7(b)(1).

The first, and most obvious, defect in Brown's Complaint is that it seeks to sue "the City of Savannah Police Department." *See* doc. 1 at 1. As this Court has frequently explained, "[t]he Savannah Police Department (formerly known as the Savannah-Chatham Metropolitan Police Department) . . . is not a legal entity subject to suit . . . ." *Nicholson v. Harrel*, 2019 WL 1782138, at *1 (S.D. Ga. Mar. 18, 2019) (citing, *inter alia.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). Any claim against the Police Department, as an entity, is therefore subject to dismissal.

The factual allegations in Brown's Complaint assert various constitutional violations during an ongoing criminal prosecution. *See, e.g.,* doc. 1 at 2 (stating that the suit is based on "violating [his] constitutional right to be told *Miranda* Right Warning . . . ."). He also alleges that he is being held "in custody without . . . being giv[en] 'Due Process.'" *Id.* at 3. Apparently based on that alleged lack of "due process," he contends that he is subject to "false imprisonment." *Id.* at 4. Subsequent filings, however, indicate that he was arrested pursuant to a warrant. *See, e.g.,* doc. 36 at 1 ("I see the evidence for the arrest warrant is a confession at least that's one of the evidences."). As explained below,

to the extent that the Court can discern Brown's allegations, he fails to state a claim upon which relief can be granted.

The only claim that Brown expressly asserts is one for false imprisonment. A § 1983 claim for false imprisonment is "based on a detention pursuant to that arrest [that lacked probable cause]." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996); *see also Wallace v. Kato*, 549 U.S. 384, 389 ("[F]alse imprisonment consists of detention without legal process."). Further, "false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* If, as his later filing suggests, Brown was arrested pursuant to a warrant, it is not clear what the basis for a false arrest claim might be.

Brown might be attempting to assert a malicious prosecution claim. "[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[W]arrant-based seizures fall within this category. So do seizures following an arraignment, indictment, or probable-cause hearing." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation omitted). In order to establish a federal malicious prosecution

claim under § 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted). The allegations, particularly in Brown's subsequent correspondence, indicate that his prosecution has not terminated in his favor. *See, e.g.,* doc. 36. The possibility of a malicious prosecution claim is, therefore, murky at best.

Finally, to the extent that Brown contends that any alleged failure to provide him with the warnings required under the Supreme Court's opinion in *Miranda v. Arizona*, 384 U.S. 436 (1966) support a claim for monetary damages, such a claim seems impossible. The safeguards of

*Miranda* are "not themselves rights protected by the Constitution but . . . [are] measures to insure that the right against compulsory self-incrimination [is] protected." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). "Statements compelled by police interrogations of course may not be used against a defendant at trial, see *Brown v. Mississippi*, 297 U.S. 278, 286 (1936), but it is not until their use in a criminal case that a violation of the Self-Incrimination Clause occurs." *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (*citing United States v. Verdugo-Urguidez*, 494 U.S. 259, 264 (1990) ("The privilege against self-incrimination guaranteed by the Fifth Amendment is a *fundamental trial right* of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, *a constitutional violation occurs only at trial*" (emphasis in original); *Withrow v. Williams*, 507 U.S. 680, 692 (1993) (describing the Fifth Amendment as a "trial right")). Thus, absent any allegations that plaintiff's statements were used against him at trial, there was no violation of the right. *See Chavez*, 538 U.S at 766 ("We fail to see how, based on the text of the Fifth Amendment, Martinez can allege a violation of this right, since Martinez was never prosecuted

for a crime, let alone compelled to be a witness against himself in a criminal case.").

Since the Court is unable to discern any viable claim in Brown's original Complaint and cannot search through his extensive correspondence in an attempt to identify claims, Brown must submit a single Amended Complaint clarifying the nature of his claims. Within thirty days of the date of this Order, Brown is **DIRECTED** to submit an Amended Complaint. To facilitate Brown's preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Brown is advised that his amended complaint will supersede the original complaint, and any attempted amendment of that original complaint by his letters, and therefore must be complete in itself. *See Malowney v. Dec. Collection Deposit Grp.*, 193 F.3d 1342, 1345, 1345 n. 1 (11th Cir. 1999); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Brown is further advised that failure to timely submit his amended complaint may result in a recommendation that this

7

case be dismissed for failure to obey a court order or failure to prosecute.

*See* Fed. R. Civ. P. 41(b).

     **SO ORDERED,** this <u>22nd</u> day of February, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA