UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES CLARENCE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-118 |
| | ) | |
| CITY OF SAVANNAH POLICE | ) | |
| DEPARTMENT, and | ) | |
| OFFICER ANDREW AARONS, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

The Court previously directed *pro se* plaintiff James Clarence Brown to file an Amended Complaint to clarify his allegations in this case. *See* doc. 38. Brown has complied with that direction. *See* doc. 39. His Amended Complaint clarifies that he contends his rights were violated when Savannah Police Officer Andrew Aarons induced him to confess to a crime by assuring him that "if [he] confess[ed] a judge would render a favorable decision for [him]." Doc. 39 at 3; *see also id.* at 7, 12. Since Brown's Amended Complaint fails to state a claim upon which relief can be granted, it is **DISMISSED**. 28 U.S.C. § 1915A(b)(1).

As the Court previously explained, any claim against the Savannah Police Department fails because the Department is not an entity subject to suit. *See* doc. 38 at 3. Brown's Amended Complaint names only Officer Andrew Aarons in his official capacity. *See* doc. 39 at 2. As relief Brown is explicit that he seeks "certification" that his "Miranda rights was violated [sic] and [he] was denied Due Process . . . ." Doc. 39 at 5. Even assuming that the factual allegations could support a claim that Brown's rights were violated, it is clear that his state criminal proceeding remains pending. *See id.* at 4 (alleging status as "pretrial detainee"), 12 (stating that Brown hopes disposition of this case "will help [him] get justice in [his] criminal case."). Brown's express intent to use any disposition of his claims by this Court in his state court prosecution requires dismissal. *See* doc. 39 at 12.

Given Brown's explicit intent to use any disposition of the substantive issues he raises in his criminal case, any ruling by this Court as to the constitutionality of Aarons' conduct could obviously substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will

interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. *See, e.g., Newsome v. Broward Cnty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008). Plaintiff, obviously, remains free to allege the same constitutional violations at issue here in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*. 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, these are arguments for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court

proceedings.").[1] The Court must, therefore, abstain from hearing any claims related to Aarons' alleged constitutional violations in the context of Brown's criminal case. Accordingly, his Amended Complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 18th day of March, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate or speedier release, *see, e.g.,* doc. 39 at 5, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).